UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH RYAN,

    Plaintiff,

                                                        Civil Action No. 11-CV-10900

v.

                                                        HON. MARK A. GOLDSMITH

CITY OF DETROIT, et al.,

    Defendants.
_____/

**ORDER STRIKING DEFENDANTS' SUPPLEMENTAL BRIEF (DKT. 118)**

On September 24, 2013, Defendants filed a supplemental brief (Dkt. 118) in support of their pending motion for summary judgment (Dkt. 93). In the supplemental filing, Defendants explain that they filed the brief because "[a]t the recent settlement conference in this matter, it was brought to Defendants' attention that their position regarding the individual Officers' entitlement to qualified immunity was not clear." Supp. Br. at 2. Defendants then argue that Defendants Adam Falk and Mark Schultz should enjoy qualified immunity for Plaintiff's equal protection claims. Id. at 5-6. Plaintiff has not filed a supplemental brief in response.

As an initial matter, the supplemental brief in support of the motion did not comply with Local Rule 7.1. That rule permits supplemental briefing only upon a Court order. L.R. 7.1(g)(1)(A)-(B). Defendants did not seek leave prior to filing the supplemental brief, nor has the Court ordered supplemental briefing. The failure to seek leave alone is a sufficient basis for the Court to strike the supplemental brief. Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., 463 F.3d 478, 488 (6th Cir. 2006) (upholding district court's striking of supplemental brief for which leave to file was not sought because "[t]he district court does not have to accept every filing

submitted by a party"); Jones v. Northcoast Behavioral Healthcare Sys., 84 F. App'x 597, 599 (6th Cir. 2003) (upholding district court striking of supplemental brief because control of briefing is a matter of "docket control [which is] . . . within the sound discretion of the district court"). Based on this consideration alone, the Court is justified in striking the supplemental brief.

However, there is another factor counseling the striking of the supplemental brief: it raises an entirely new argument. Defendants' summary judgment motion raised the qualified immunity defense, but argued it in relation to substantive due process only – a claim that Plaintiff did not assert against the Canton Defendants. Puzzlingly, Defendants did not address the equal protection claim – the only claim asserted against the Canton Defendants. At the settlement conference on September 23, 2013, the Court informed counsel of its decision on the motion and explained the Court's reasoning. Regarding the qualified immunity argument, the Court pointed out that Defendants had not addressed the equal protection claim. This prompted Defendants to file their supplemental brief the next day in an unauthorized effort to cure the deficiency in their brief.

Defendants, of course, should have made its arguments concerning equal protection in their opening brief. Even after their failure to address equal protection was highlighted in Plaintiff's response to their motion, Defendants failed to address this deficiency in their reply brief. Waiting even that long to make these arguments would have been problematic, given that a reply brief is a vehicle to rebut the opposition's arguments – not to marshal arguments that should have been part of the opening brief. See Sanborn v. Parker, 629 F.3d 554, 579 (6th Cir. 2010) (holding that arguments made for the first time in a reply brief are waived). But filing a supplemental brief – over two months after oral argument on the motion and only after the Court

had announced its ruling – is entirely without justification.

Allowing the unauthorized filing would obviously be prejudicial to Plaintiff, which has had no opportunity to respond to these arguments. It is for this very reason that a reply brief may not raise arguments outside of rebuttal. Peacock v. Acuity Ins. Co., No. 09-14805, 2010 WL 1814676, at *2 (E.D. Mich. May 6, 2010) ("[S]ince these arguments were raised for the first time in Defendant's reply brief, the Court will not consider them in deciding Defendant's motion as Plaintiffs were given no opportunity to respond to them.").

Allowing the supplemental brief would also undermine the Court's vital interest in the orderly processing of this case. See Freeman v. City of Detroit, No. 09-13184, 2011 WL 2531248, at *2 (E.D. Mich. June 24, 2011) (disregarding dates set by court order would "not only undermine the court's ability to control its docket and disrupt the course of the litigation, but also it would effectively 'reward the indolent and the cavalier'") (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992)). Allowing an unauthorized filing in these circumstances would undermine the Court's ability to finalize the issuance of a written opinion memorializing the decision it had already disclosed to counsel. In the absence of a motion for leave to file – fully explaining why critical arguments were not made on a timely basis – the Court cannot reward defense counsel's failure to properly brief the summary judgment motion in compliance with the law.[1]

Accordingly, the Court strikes the supplemental brief (Dkt. 118).

---

[1] Despite defense counsel's lack of diligence, the Court will entertain, at the forthcoming status conference, the possibility of allowing Defendants to file a new motion for summary judgment with proper briefing.

3

SO ORDERED.

Dated: October 9, 2013                        s/Mark A. Goldsmith
       Flint, Michigan                  MARK A. GOLDSMITH
                                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 9, 2013.

                                             s/Deborah J. Goltz
                                             DEBORAH J. GOLTZ
                                             Case Manager